Porter Brown Hutchinson City Attorney P.O. Box 1567 Hutchinson, Kansas 67504-1567
Dear Mr. Brown:
As city attorney for Hutchinson, you inquire concerning whether the city can, under its home rule power, enact an ordinance establishing term limitations for city commissioners. We note that Hutchinson is a city of the first class utilizing a commission-manager plan of government pursuant to K.S.A. 12-1001 et seq. The city has a population of 39,308 and, therefore, comes under K.S.A. 12-1005e which provides for a board of five commissioners with two serving a four-year term and three serving a two-year term depending upon the number of votes received during the election. The commissioners choose a chairman who serves as mayor. K.S.A. 12-1007.
There is no provision in the commission-manager plan statutes which sets forth the qualifications for a commission member nor are there any term limitations. However, there are three sections in the act which refer to the general laws relating to the commission form of government applicable to cities of the first, second and third classes.
K.S.A. 12-1003 provides, in relevant part, as follows:
 "All nominations and elections in cities adopting this act shall be governed by the laws of the state of Kansas relating to elections in the cities of first, second and third classes under commission government, insofar as the same are applicable. . . ."
K.S.A. 12-1006 provides, in relevant part, as follows:
 "The governing board shall consist of the number of commissioners now provided for the several cities by the various commission government act. Qualifications, terms of office, oaths and bonds of commissioners shall be those provided in the acts herein referred to."
K.S.A. 12-1017 provides, in relevant part, as follows:
 "Any city is hereby authorized to adopt the provisions of this act, and to vote thereon as is herein provided. Except as herein provided, the general laws establishing and relating to the commission form in cities of the first, second and third class shall govern cities adopting this act."
K.S.A. 13-1501 establishes the commission form of government for cities of the first class. The qualifications for commissioner are set forth in K.S.A. 13-1801 which provides, in relevant part, as follows:
 "The mayor and each of said four commissioners shall be a citizen of the United States and a qualified elector of such city. . . ."
The question is whether the city can use its home rule power to add an additional qualification which would require a candidate not to have served on the commission more than eight consecutive elective years. In order to determine whether a city can exercise its home rule powers, it is necessary to review article 12, section 5(b) of the Kansas constitution which provides in relevant part, as follows:
 "Cities are hereby empowered to determine their local affairs and government . . . cities shall exercise such determination by ordinance passed by the governing body . . . subject only to enactments of the legislature applicable uniformly to all cities. . . ." (Emphasis added).
The issue then becomes whether there is such an enactment. As previously stated, there is no statute which addresses term limitations for any city council, commission or mayoral office so it would appear that the city could pass an ordinance establishing term limitations for its commission members. However, in Blevins v. Hiebert, 247 Kan. 1 (1990) the court rejected the county's argument that there was no statute applicable to a particular traffic problem in the county. The county argued that in the absence of any applicable statute, it was free to carve out its own solution by passing several ordinances authorizing construction of a by-pass highway and the issuance of general obligation bonds to finance it. The court concluded that the arterial highway act applied and that the county should have either chartered out of the section which required a public vote on the issuance of bonds or followed the statute which the court concluded was non-uniform.
If one construes K.S.A. 13-1801 as being a statute which applies because it addresses commission qualifications and because the proposed ordinance attempts to add an additional qualification not required by the statute, the next step is to determine whether K.S.A. 13-1801 is an "enactment applicable uniformly to all cities". In determining whether an enactment is uniform, the court has taken two approaches which are applicable here. In City of Junction City v. Griffith, 227 Kan. 332
(1980) the court reviewed the Kansas code of procedure for municipal courts and concluded that it was nonuniform because one section was not uniformly applicable to all cities because it contained one provision requiring only cities of the first class to select attorneys to serve as municipal judges.
 "This section is one of the sections included in L. 1973, ch. 61. It is clearly one of the sections comprising the enactment. The division into chapter, article and section in the Kansas States Annotated does not have the effect of making separate enactments of a single bill passed by the legislature." (At page 335-336).
K.S.A. 13-1801 was part of an enactment (chapter 114) consisting of more than ninety-five sections dealing with only cities of the first class. Some of these sections are still found in article 18 of chapter 13. (See K.S.A. 13-1802, 13-1805, 13-1806, 13-1807, 13-1808, 13-1810). In addition, within chapter 114 were sections which differentiated among these cities of the first class depending upon the population size. Clearly, K.S.A. 13-1801 is not uniform under a Griffith analysis.
The second approach to the uniform enactment question is found inClaflin v. Walsh, 212 Kan. 1 (1973). In Claflin, the court reviewed article 4 of chapter 73 which addresses the general subject of memorials, monuments and grave markers. The court examined article 4 and found a "hodgepodge" of statutes pertaining to the subject with many exceptions dealing with cities and counties of various sizes. Using theClaflin analysis, article 18 of chapter 13 contains two sections (13-1804 and 13-1805) which differentiate among cities of the first class by population size in terms of the salaries of the mayor and commissioners and the amounts of their bonds. In short, whether one uses the Griffith
or Claflin, analysis, section 13-1801 is not part of a uniform enactment. Consequently, the city can use its home rule power to establish term limitations for its commissioners.
The next issue is whether the city can use an ordinary ordinance or a charter ordinance to effect the change it desires.
A charter ordinance is an ordinance which exempts a city from the whole or any part of an enactment and which may provide substitute and additional provisions on the same subject. Kan. Const., art. 12, sec.5(c)(2). The charter ordinance must designate specifically the enactment or part made inapplicable by the adoption of the ordinance and may contain any substitute or additional provisions. Kan. Const., art. 12, sec. 5(c)(2).
The problem is that the city of Hutchinson does not want to exempt itself from any of the provisions of K.S.A. 13-1801. It simply wants toenact an additional qualification which does not conflict with the statute.
In Blevins the court acknowledged that legislative silence on a subject no longer prevents local government action. In the absence of an actual conflict between a municipal ordinance and a statute, the city ordinance should be permitted to stand. Claflin, 212 Kan. at 7. In Attorney General Opinion No. 91-56, this office opined that a city had the authority under its home rule power to administer a public improvement street development policy which was designed to complement a uniform law on special assessments.
 "The policy is completely non-conflicting and would supplement the city's plan for reasonable development and K.S.A. 12-6a01 et seq. Neither this nor any other state enactments deal with the subject addressed by the policy. The city's policy does not attempt to change or avoid compliance with the requirements of any uniformly applicable statute, and instead, deals with the subject the legislature has not addressed. . . ."
It is our opinion that since there is no conflict between the proposed ordinance and K.S.A. 13-1801, the city can enact an ordinary ordinance under its home rule power establishing term limitations for its commissioners. Although we were not asked to address constitutional issues, it appears that courts are upholding term limitations, (at least as far as state legislators are concerned) against first amendment and equal protection attacks. Legislature of California v. EV, 816 P.2d 1309
(Cal. 1991).
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Mary Feighny Assistant Attorney General
RTS:JLM:MF:jm